IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RANDY FITZGERALD BLANCHETT                                                    PLAINTIFF


v.                                        Civil No. 4:15-cv-04073


JOAN MCLEAN; SHERIFF JAMES
SINGLETON; and JOHNNY GODBOLT                                                 DEFENDANTS


**ORDER**

Plaintiff Randy Blanchett proceeds in this 42 U.S.C. § 1983 matter *pro se* and *in forma pauperis*. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 13.  Currently before the Court are Defendants' Motion to Compel and Extension of Time to File Motion for Summary Judgment (ECF No. 18) and Plaintiff's Motion for Extension of Time for Summary Judgment or in the Alternative Motion to Dismiss.  ECF No. 19.

### 1.   BACKGROUND

On August 11, 2015, Plaintiff filed his Complaint alleging his constitutional rights were violated by Defendants during his incarceration in the Hempstead County Detention Center. Defendants served Plaintiff with discovery requests on March 9, 2016 to ADC – Grimes Unit, 300 Correction Drive, Newport, Arkansas.  Plaintiff did not respond and the requests were not returned as undeliverable.  On April 13, 2016, Defendant resent their discovery requests to Plaintiff and

1

informed Plaintiff if they did not receive a response by April 27, 2016 they would file a Motion to Compel.  Again, the requests were not returned as undeliverable and Plaintiff did not respond.

In the Initial Scheduling Order I set deadlines for completion of discovery by May 2, 2016 and filing of a Motion for Summary Judgment by March 28, 2016.  ECF No. 12.  The hearing on the motion for summary judgment was originally set for Thursday, May 12, 2016 in Texarkana, Arkansas.  ECF No. 12.  Defendants requested an extension in order to complete discovery prior to filing the motion for summary judgment.  Defendants also requested the date for the hearing on summary judgment be reset and held 45 days after the deadline for filing the motion for summary judgment.  ECF No. 15.  I granted Defendants' Motion on April 6, 2016 giving Defendants until May 15, 2016 to file their Motion for Summary Judgment and reset the hearing on the Motion for Summary Judgment for November 10, 2016.  ECF No. 17.

On May 2, 2016 Defendants' filed a Motion to Compel and Extension of Time to File Motion for Summary Judgment.  ECF No. 18.  On May 3, 2016 Plaintiff filed a Motion to Extend Summary Judgment Deadlines or in the Alternative Motion to Dismiss.  ECF No. 19.

## 2.  APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41.  A plaintiff may also voluntarily dismiss his claims without prejudice by court order on terms that the court considers proper.  Fed. R. Civ. P. 41 (a)(2).

### 3.  DISCUSSION

In his Motion Plaintiff states he "is filing for motion for Extension of time for summary of Judgement to be reset until after the month of the 3-30-2017, due to the fact that I am unable to obtain legal assistant at this time, if motion is not granted I would like to go through with dismissal." ECF No. 19.  Plaintiff's claims do not appear legally or factually complex and Plaintiff is capable of prosecuting his claims without appointed counsel.  In addition, Plaintiff has been given two chances to respond to discovery requests and has failed to do so.  The Court has already rescheduled the summary judgment hearing date once because Plaintiff did not respond to Defendants' discovery requests.  Plaintiff's inability to obtain legal assistance is no excuse for failing to respond to Defendants' discovery requests nor does it constitute good cause to extend the summary judgment hearing until after March 30, 2017.

According to Fed. R. Civ. P. 41 (a)(2), Plaintiff is entitled to dismiss his case only by court order at this stage of the litigation.  Plaintiff has made clear he "wants to go through with dismissal" if his request to extend the hearing date for summary judgment is denied.  ECF No. 19.  Instead of dismissing Plaintiff's case with prejudice for failure to prosecute, the Court will grant Plaintiff's request to dismiss his case without prejudice.

### 4.  CONCLUSION

Plaintiff's Motion to Extend Summary Judgment Deadlines or in the Alternative Motion to Dismiss (ECF No. 19) will be granted in part and denied in part.  Plaintiff's Motion to Extend Summary Judgment Deadlines (ECF No.19) is **DENIED.**  Plaintiff's Motion to Dismiss (ECF No. 19) is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** Defendants' Motion to Compel and for Extension of Time to File Motion for Summary Judgment (ECF No. 18) is **DENIED** as moot.

**IT IS SO ORDERED** this **18th day of May 2016.**


/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE